IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WESLEY FENNELL, JR.,

 Plaintiff,

v.               Civil Action No. 3:09CV468

CHARLES ALLEN, *et al.*,

 Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff is an inmate at Caroline Correctional Unit ("CCU") seeking relief for the destruction of a CD-ROM containing material from his attorney. On April 21, 2009, Plaintiff received a CD-ROM from his attorney. Defendant Harvey Johnson, a sergeant at CCU, ordered the CD-ROM taken from Plaintiff. Plaintiff requested that the CD-ROM, which was inside a sealed envelope, not be opened outside of his presence.

On the morning of April 22, 2009, Defendant David Zook, a major at CCU, called Plaintiff into his office. Defendant Zook told Plaintiff that he had "accessed" the CD-ROM himself and had also ordered Defendant Johnson to "access" the CD-ROM by inserting it into the compact disc player in his vehicle.[1] (Part. Compl. 1, § II 14-15.) Defendant Zook told Plaintiff that the disc did not work, and accessed the disc in Plaintiff's presence. Plaintiff filed an institutional complaint against Defendant Zook for opening Plaintiff's legal mail outside of his presence. Plaintiff subsequently filed two grievances against Defendant Zook to Defendant Charles Allen, Warden of CCU. Although one of the grievances was deemed founded, Defendant Allen did nothing to rectify the situation.

---

[1] Plaintiff uses the term "accessed" repeatedly without explaining how the CD-ROM was accessed.

3

Plaintiff brings the following claims:

Claim One    Defendants Zook and Johnson violated Plaintiff's First Amendment[2] rights by accessing the CD-ROM, which contained confidential legal material, outside of Plaintiff's presence.

Claim Two    Defendants Zook and Allen violated Plaintiff's right of access to the courts by depriving Plaintiff of evidence necessary to file his state habeas petition.

Claim Three    Defendants Zook and Johnson violated Plaintiff's right to be heard by the state courts by rendering evidence unworkable through the method in which they accessed it.

Plaintiff seeks damages in an unspecified amount.

## Analysis

Relief under § 1983 is available for deprivation of "right[s] secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff offers no authority for the proposition that the First Amendment protects an inmate's legal material from perusal by a third party. "Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir.1985); *see also Almond v. Sea*, No. 3:05cv00713, 2009 WL 3160112, at *1 (S.D. W. Va. Sept. 28, 2009). It is therefore RECOMMENDED that Claim One be DISMISSED.

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). Of course, the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

---

[2] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

4

Thus, in order to plead a backward looking denial of access to the courts claim, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. *Id.* at 415-16; *Lewis*, 518 U.S. at 353 n.3. Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Christopher*, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Additionally, the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Washington County, Va., Sheriff*, No. 7:06cv00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (*citing Lewis*, 518 U.S. at 351).

Here, Plaintiff has not shown that Defendants denied him an opportunity to litigate his claims, or that any meritorious challenge to his state conviction existed. Instead, Plaintiff states in a conclusory fashion only that "Defendant Zook deprived plaintiff of vital legal evidence that was needed to properly pursue his petition for Writ of Habeas Corpus after nine months of waiting to retrieve that evidence from a previous attorney" (Part. Compl. 2, § III B.1), and that "Defendant Johnson hindered plaintiff's right to be heard by State Courts, through Habeas Corpus petition by rendering vital evidence unworkable by his accessing procedure used inside his personal vehicle (Part. Compl. 2, § III C.2)." These conclusions are not entitled to a presumption of truth absent supporting factual allegations. *Iqbal*, 129 S. Ct. at 1950. Plaintiff

5

does not describe what the evidence was, why it was "vital," or what meritorious claim for habeas relief it would support. Plaintiff has not shown that Defendants denied him the opportunity to litigate his claims, or that any meritorious challenge to his conviction existed. Accordingly, it is RECOMMENDED that Claims Two and Three be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M.H.L.
M. Hannah Lauck
United States Magistrate Judge

Date: 9/14/10
Richmond, Virginia