IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WESLEY FENNELL, JR.,

    Plaintiff,

v.                            Civil Action No. 3:09CV468

CHARLES ALLEN, et al.,

    Defendants.

## MEMORANDUM OPINION

Wesley Fennell, Jr., a Virginia inmate proceeding pro se and in forma pauperis, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> **Preliminary Review**
> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff is an inmate at Caroline Correctional Unit ("CCU") seeking relief for the destruction of a CD-ROM containing material from his attorney. On April 21, 2009, Plaintiff received a CD-ROM from his attorney. Defendant Harvey Johnson, a sergeant at CCU, ordered the CD-ROM taken from Plaintiff. Plaintiff requested that the CD-ROM, which was inside a sealed envelope, not be opened outside of his presence.

On the morning of April 22, 2009, Defendant David Zook, a major at CCU, called Plaintiff into his office. Defendant Zook told Plaintiff that he had "accessed" the CD-ROM himself and had also ordered Defendant Johnson to "access" the CD-ROM by inserting it into the compact disc player in his vehicle.[1] (Part. Compl. 1, § II 14-15.) Defendant Zook told Plaintiff that the disc did not work, and accessed the disc in Plaintiff's presence. Plaintiff filed an institutional complaint against Defendant Zook for opening Plaintiff's legal mail outside of his presence. Plaintiff subsequently filed two grievances against Defendant Zook to Defendant Charles Allen, Warden of CCU. Although one of the grievances was deemed founded, Defendant Allen did nothing to rectify the situation.

Plaintiff brings the following claims:

Claim One     Defendants Zook and Johnson violated Plaintiff's First Amendment[2] rights by accessing the CD-ROM, which contained confidential legal material, outside of Plaintiff's presence.

Claim Two     Defendants Zook and Allen violated Plaintiff's right of access to the courts by depriving Plaintiff of evidence necessary to file his state habeas petition.

---

[1] Plaintiff uses the term "accessed" repeatedly without explaining how the CD-ROM was accessed.

[2] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

3

Claim Three    Defendants Zook and Johnson violated Plaintiff's right to be heard by the state courts by rendering evidence unworkable through the method in which they accessed it.

Plaintiff seeks damages in an unspecified amount.

## Analysis

Relief under § 1983 is available for deprivation of "right[s] secured by the Constitution and laws of the United States," West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff offers no authority for the proposition that the First Amendment protects an inmate's legal material from perusal by a third party. "Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir.1985); see also Almond v. Sea, No. 3:05cv00713, 2009 WL 3160112, at *1 (S.D. W. Va. Sept. 28, 2009). It is therefore RECOMMENDED that Claim One be DISMISSED.

Inmates have a constitutional right to reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977). Of course, the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to plead a backward looking denial of access to the courts claim, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. Id. at 415-16; Lewis, 518 U.S. at 353 n.3. Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. Additionally, the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." Godfrey v. Washington County, Va., Sheriff, No. 7:06cv00187, 2007 WL 2405728,

> at *13 (W.D. Va. Aug. 17, 2007) (citing Lewis, 518 U.S. at 351).
>
> Here, Plaintiff has not shown that Defendants denied him an opportunity to litigate his claims, or that any meritorious challenge to his state conviction existed. Instead, Plaintiff states in a conclusory fashion only that "Defendant Zook deprived plaintiff of vital legal evidence that was needed to properly pursue his petition for Writ of Habeas Corpus after nine months of waiting to retrieve that evidence from a previous attorney" (Part. Compl. 2, § III B.1), and that "Defendant Johnson hindered plaintiff's right to be heard by State Courts, through Habeas Corpus petition by rendering vital evidence unworkable by his accessing procedure used inside his personal vehicle (Part. Compl. 2, § III C.2)." These conclusions are not entitled to a presumption of truth absent supporting factual allegations. Iqbal, 129 S. Ct. at 1950. Plaintiff does not describe what the evidence was, why it was "vital," or what meritorious claim for habeas relief it would support. Plaintiff has not shown that Defendants denied him the opportunity to litigate his claims, or that any meritorious challenge to his conviction existed. Accordingly, it is RECOMMENDED that Claims Two and Three be DISMISSED.

(Sept. 14, 2010 Report and Recommendation.) The Court advised Fennell that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Fennell filed an amended complaint. (Docket No. 25.) Fennell's amended complaint will SUPPLANT his previous complaint. (Sept. 14, 2010 Report and Recommendation 6.)

## II. AMENDED COMPLAINT

In his amended complaint, Fennell raises three grounds for relief. Claims One and Two are identical to those raised in his original complaint. Fennell, however, alleges a new due process violation in Claim Three. Claim Three now reads:

5

> Claim Three "Defendants Zook and Johnson violated Plaintiff's right to Due process and Access to the courts by deleting and destruction of vital evidence during accessing procedures of CD-ROM." (Am. Compl. 1.)

The Magistrate Judge's analysis applies with equal force to the amended complaint.

### A. Claim One

In his amended complaint, Fennell attempts to bolster Claims Two and Three, but does not provide any supporting facts for Claim One. In light of (1) the Magistrate Judge's analysis regarding Claim One, (2) the fact that Fennell does not attempt to cite any law or facts in his amended complaint regarding Claim One, and (3) the fact that Fennell's amended complaint will supplant his original complaint, Claim One will be DISMISSED. See also Talbert v. Jabe, No. 7:07-cv-00450, 2007 WL 3339314, at *6 (W.D. Va. Nov. 8, 2007) (discussing how an inmate may establish a First Amendment violation when incoming legal mail is opened by prison staff).

### B. Claims Two And Three: Denial Of Access To The Courts

In his amended complaint, Fennell addresses Claims Two and Three together. Because both Claims Two and Three contain some variation of an "access to the courts" claim, the Court will also address them together.

#### 1. Standard To Plead Access Claim

As the Magistrate Judge noted, in order to plead a backward-looking denial of access to the courts claim, a plaintiff must

identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. Christopher v. Harbury, 536 U.S. 403, 415-16 (2002); Lewis v. Casey, 518 U.S. 343, 353 n.3 (1996). Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. In other words:

> [W]here . . . a prisoner is asserting that the defendants' actions have inhibited his opportunity to present a past legal claim, he must show: (1) that he suffered an 'actual injury'—meaning that he lost a chance to pursue a 'non frivolous' or 'arguable' underlying claim; and (2) that he has no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit.

Hankins v. Krysevig, No. 08-219 Erie, 2010 WL 3811316, at *6 (W.D. Pa. Aug. 26, 2010) (emphasis omitted) (quoting Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)).

2.  **Fennell's Underlying Claim**

In his amended complaint, Fennell alleges that the underlying claim he was unable to pursue was an action seeking a writ of habeas corpus. Fennell contends:

> From July 2008, [Fennell] requested client files from attorney Ashton Wray, with no success. After multiple complaints to the Virginia State Bar, on April 13, 2009 the bar demanded that Ashton Wray send these files. After nine months of waiting, on April 21, 2009

7

said files arrived at Caroline Correctional Unit as legal mail.

    Included in the delivery was a CD-ROM, which Ashton Wray informed the plaintiff, was his only copy. The CD-ROM was sealed and properly labeled as legal mail. The envelope containing the CD-ROM was withheld, for security reasons, per instructions by defendant Johnson.

    [Fennell] asked, by verbal and written request, that the envelope not be opened outside of his presence. On April 22, 2009, Defendant Zook stated to [Fennell] that the envelope had been opened outside of [Fennell's] presence due to security reasons.

. . . .

    During Defendants Zook and Johnson's access of CD-ROM, vital evidence that Plaintiff needed to file successive habeas corpus petition, was deleted and destroyed.

(Am. Compl. 1 (internal paragraph numbers omitted).) Fennell alleges that the CD-ROM contained audio and video evidence[3] that he was subjected to an illegal search of his vehicle in violation of the Fourth Amendment.[4] Fennell also avers that the CD-ROM

---

    [3]  Regarding the Fourth Amendment violation, Fennell states:

    The audio/video evidence . . . would have shown, instead of trooper releasing [Fennell] to go on his way, trooper immediately directed [Fennell] to exit the vehicle and requested a consent to search, citing no reasonable suspicion or pro[b]able cause. Once [Fennell] refused consent, trooper illegally detained [Fennell] and proc[]eeded to an unreasonable canine sniff.

    The audio/video evidence also would have shown, after [Fennell] was illegally detained for canine sniff, drugs were found in the car . . . .

(Am. Compl. 1-2 (internal paragraph numbers omitted).)

    [4]  The Fourth Amendment reads:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported

contained audio and video evidence that he was interrogated without receiving Miranda[5] warnings.[6] Fennell suggests that, had he been able to file his habeas action unhindered by Defendants' actions, he would have raised three grounds for habeas relief: (1) a violation of the Fourth Amendment's protection from unreasonable searches, (2) a violation of the protections afforded by Miranda, and (3) an ineffective assistance of counsel claim based on counsel's failure to investigate and view the evidence contained on the CD-ROM.

---

      by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

    [5] Miranda v. Arizona, 384 U.S. 436 (1966).

    [6] Regarding the Miranda violation, Fennell states:

Plaintiff was taken to the police station and interrogated without ever being read Plaintiff's miranda rights. Therefore without this disk, Plaintiff does not have physical audio/video evidence that would have corroborated that state trooper violated Plaintiff's constitutional rights and Plaintiff's attorney was ineffective in advising Plaintiff to plead guilty without investigating or reviewing evidence within his possession that would have provided a solid defense.
. . . .
Plaintiff's counsel failed to investigate and view the audio/video recording from the dash board camera of the State Trooper's car and of the interrogation of Plaintiff at the police station.

(Am. Compl. 2-3.)

9

### 3. Analysis

To plead a backward-looking access claim, a plaintiff "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Christopher, 536 U.S. at 415. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Id. The Court in Christopher further reasoned:

> And because these backward-looking cases are brought to get relief unobtainable in other suits, the remedy sought must itself be identified to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim.

Id. at 416.

Fennell has not identified a remedy that the Court can provide him on his denial-of-access claim that is unavailable to him in an otherwise-existing claim. Illustrative of the importance of this requirement, and a factor compounding the difficulty of parsing Fennell's request, is the fact that Fennell has not identified at all what relief he seeks. Fennell's amended complaint merely states that he "requests that the court grant [his] 42 U.S.C. §1983 action."[7] (Am. Compl. 3.)

---

[7] Fennell's original complaint form included a section directing plaintiffs to ask for the relief they seek, whether it be monetary, injunctive, or otherwise. Fennell opted to leave this

Fennell also has not provided the Court with sufficiently specific information regarding the nature of the evidence or the procedural history of his litigation. For example, Fennell mentions that his underlying habeas action was a "successive" one (Am. Compl. 1), but does not indicate the grounds or merits of any previous habeas action. Nor does Fennell suggest why he is unable to obtain a copy of the allegedly destroyed evidence through discovery with the police department or Commonwealth. Finally, Fennell does not approach the issue of why he was unable to file for a writ of habeas corpus without the evidence and explain the cause and prejudice that may have stemmed from the government's alleged destruction of his legal mail. This is precisely the situation where "plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Christopher, 536 U.S. at 415. Accordingly, Fennell's access-to-courts claims will be DISMISSED.

---

section blank. He did, however, indicate that he understood that an action pursuant to 42 U.S.C. § 1983 could not change his sentence or release him from custody. (Compl. 6.) To the extent that Fennell now seeks habeas relief by way of this § 1983 action, that possibility is foreclosed by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). See Hankins, 2010 WL 3811316, at *14. Heck bars § 1983 suits that would call into question the validity of a conviction. In order to proceed under § 1983, a plaintiff must show that his underlying conviction had been overturned. Because Fennell's success in his present destruction-of-exculpatory-evidence claim would imply the invalidity of his conviction, the suit is barred by Heck.

C. **Claim Three: Due Process**

In Claim Three, Fennell states that Defendants' alleged destruction of the evidence violates his due process rights.[8] However, "because of the availability of effective state remedies, allegations that a state actor has negligently or intentionally destroyed . . . legal mail . . . does not state a procedural due process claim for which state officials can be liable under § 1983." Talbert, 2007 WL 3339314, at *6 (citing Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Bowler v. Young, No. 7:03-CV-00394, 2003 WL 24253707, at *1 (W.D. Va. June 25, 2003)). Accordingly, Fennell's due process claim will be DISMISSED.

III. **CONCLUSION**

Fennell's claims will be DISMISSED and the action will be DISMISSED. The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Fennell.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 31, 2011
Richmond, Virginia

---

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV, § 1.

12